■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER BERNARD, Appellant. [662 NYS2d 129] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rienzi, J.), rendered May 29, 1996, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, and matter is remitted to the Supreme Court, Richmond County, for a new hearing on the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him.

The record shows that in response to the defendant's *pro se* motion to withdraw his plea of guilty on the basis, *inter alia,* of ineffective assistance of counsel, the defense counsel emphasized the strength of the evidence against his client, the highly favorable plea agreement he had helped negotiate on his

client's behalf, and that his client had indicated on the record at the plea proceeding that he was, in fact, satisfied with the services which had been rendered by assigned counsel. "Under these circumstances, the 'defendant's right to counsel was adversely affected when his attorney * * * became a witness against him' and the court 'should not have proceeded to determine the motion without first assigning the defendant new counsel' " (*People v Jones,* 223 AD2d 559, quoting *People v Santana,* 156 AD2d 736, 737; *see, People v Rozzell,* 20 NY2d 712). Thus, the matter is remitted for a new hearing on the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.