■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ELTING III, Appellant. [767 NYS2d 828]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered September 20, 2001, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the County Court, Dutchess County, to hear and report on the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The County Court, Dutchess County, is to file its report with all convenient speed.

The defendant pleaded guilty to one count of criminal possession of a controlled substance in the second degree in connection with the recovery of over 37 ounces of cocaine from his apartment. Prior to sentencing, however, he moved to vacate his plea on the basis, inter alia, that defense counsel had told him that he would not get a fair trial. When asked by the court to respond, defense counsel denied the allegation, and informed the court how he had advised the defendant. The court then appointed a new attorney to represent the defendant. However, on the adjourned date, new counsel reviewed for the court what had been done by prior counsel, and then told the court that he saw no reason to allow the defendant to withdraw his plea. The court then denied the defendant's motion.

"Under these circumstances, the 'defendant's right to counsel was adversely affected when his [new] attorney . . . became a witness against him' and the court 'should not have proceeded to determine the motion without first assigning the defendant [another] new counsel' " (*People v Jones*, 223 AD2d 559 [1996], quoting *People v Santana*, 156 AD2d 736, 737 [1989]; *People v Humbert*, 219 AD2d 674 [1995]). Accordingly, we remit the matter for a new hearing on the defendant's motion at which the defendant shall be represented by appellate counsel, and we hold the appeal is abeyance in the interim. At this point, we express no opinion as to the merits of the defendant's motion. Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.