■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY KOOY, Appellant. [773 NYS2d 589]—

Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered February 20, 2002, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the matter is remitted to the County Court, Orange County, to decide de novo the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him, and, if the motion is denied, to resentence the defendant.

Prior to sentencing, the defendant moved, pro se, to withdraw his plea of guilty. The defendant's right to counsel was adversely affected when his attorney, in effect, became a witness against him and took a position adverse to his (*see People v Elting,* 2 AD3d 455, 456 [2003]; *People v Caccavale,* 305 AD2d 695 [2003]; *People v Bernard,* 242 AD2d 387 [1997]; *People v Spearman,* 210 AD2d 268 [1994]). Consequently, the County Court should not have decided the motion without first assigning the defendant new counsel (*see People v Elting, supra; People v Caccavale, supra; People v Bernard, supra; People v Spearman, supra*). Accordingly, the matter is remitted to the County Court, Orange County, to decide de novo the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him. In the event the motion is denied, the County Court shall resentence the defendant. Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.