The People of the State of New York, Respondent, v Kevin Taylor, Appellant. [774 NYS2d 348]—Appeal by the defendant from a judgment of the County Court, Rockland County

(Kelly, J.), rendered July 10, 2002, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and Martin E. Gotkin is relieved as the attorney for the defendant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Arlene Lewis, P.O. Box 219, Blauvelt, N.Y., 10913 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist with respect to, inter alia, whether the defendant's right to counsel was adversely affected by the statements which the defense counsel made in response to his pro se motion to withdraw his plea (*see People v Elting,* 2 AD3d 455 [2003]; *People v Caccavale,* 305 AD2d 695 [2003]; *People v Santana,* 156 AD2d 736 [1989]). Accordingly, assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633 [2001]; *People v Casiano,* 67 NY2d 906 [1986]; *People v Gonzalez,* 47 NY2d 606 [1979]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.