THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ARMSTEAD, Appellant. [826 NYS2d 408]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chin-Brandt, J.), rendered March 11, 2004, convicting him of robbery in the second degree and petit larceny, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the issues set forth herein and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

The defendant pleaded guilty to robbery in the second degree and petit larceny. Although not discussed or even mentioned at the plea proceeding he did so pursuant to a cooperation agreement he entered into with the District Attorney's office for Queens County (hereinafter the District Attorney) to provide assistance in a pending murder prosecution. The agreement provided for a very favorable resolution of the charges at bar and other charges upon the successful completion of its terms. If the defendant failed to cooperate or "commit[ted] any further crimes" the agreement, inter alia, subjected the defendant to an enhanced sentence on the robbery charge. At sentencing, the People asserted that the defendant had breached the agreement by being indicted for a subsequent crime and sought an enhanced sentence on the robbery charge pursuant to the agreement. In response, the defense counsel moved to be relieved, noting that the defendant was going to be filing charges against him, and that the defendant was now claiming, among other things, that he had been coerced or misled into signing the agreement. After the motion was denied, the defense counsel stated that he would "concede" that the agreement was in fact signed by the defendant and others in his presence, and noted that he was present in the grand jury when the defendant was indicted for the subsequent crime which the People were arguing breached the agreement. The defendant then asked to speak and denied that he had entered into an agreement providing for an enhanced sentence or that he had "committed" a subsequent crime. Thus, he argued, he should be sentenced as originally promised. Without further inquiry or discussion, the court, inter

alia, imposed an enhanced sentence on the robbery charge "per the agreement."

The defendant's statements at sentencing, both as recounted by counsel and as made by him, raised issues as to the knowing, voluntary, and intelligent nature of his plea. Further, they raised issues as to the cooperation agreement and whether, if valid and enforceable, it was breached. These issues were not addressed or resolved by the Supreme Court (*see People v Fiumefreddo,* 82 NY2d 536 [1993]; *People v Sloane,* 13 AD3d 400 [2004]). Further, the defendant's right to counsel on these issues was adversely affected when the defense counsel took a position contrary to his at sentencing and became, in effect, a witness against the defendant (*see e.g., People v Bryant,* 22 AD3d 676 [2005]; *People v Kooy,* 5 AD3d 794 [2004]; *People v Lattimore,* 5 AD3d 399 [2004]; *see also, People v Outley,* 80 NY2d 702, 712-713 [1993]).

Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing, at which the defendant shall be represented by his appellate counsel, to determine whether the defendant voluntarily entered into a valid cooperation agreement with the People, and whether the defendant breached the terms of the cooperation agreement. The hearing shall be held with all convenient speed, and the Supreme Court thereafter shall file its report. The appeal is held in abeyance pending receipt of the Supreme Court's report. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.