■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO BEDOYA, Appellant. [861 NYS2d 788]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Grosso, J.), rendered June 29, 2005, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, shall file its report with all convenient speed.

Prior to sentencing, the defendant moved to withdraw his plea of guilty. The defendant's right to counsel was adversely affected when his attorney, in effect, became a witness against him and took a position adverse to his (*see People v Elting,* 2 AD3d 455, 456 [2003]; *People v Caccavale,* 305 AD2d 695 [2003]; *People v Bernard,* 242 AD2d 387 [1997]; *People v Spearman,* 210 AD2d 268 [1994]). Consequently, the Supreme Court should not have decided the motion without first assigning the defendant new counsel (*see People v Elting,* 2 AD3d at 456; *People v Caccavale,* 305 AD2d at 695; *People v Bernard,* 242 AD2d at 387; *People v Spearman,* 210 AD2d at 268). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and for a new determination of the motion thereafter. We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's motion and we decide no other issues at this time. Spolzino, J.P., Balkin, Dickerson and Belen, JJ., concur.