The People of the State of New York, Respondent, v Nisean Graves, Appellant. [943 NYS2d 593]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cacace, J.), rendered November 30, 2010, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the County Court, Westchester County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and for a new determination of the motion thereafter, and the appeal is held in abeyance pending receipt of the County Court's report. The County Court, Westchester County, shall file its report will all convenient speed.

At sentencing, the defendant moved to withdraw his plea of guilty, contending that his assigned counsel failed to adequately represent him. In light of the defendant's motion, assigned counsel informed the County Court that she felt uncomfortable representing the defendant at sentencing. In addition, assigned counsel stated that she could not set forth any legal ground for the defendant to withdraw his plea of guilty. Under the circumstances of this case, the defendant's right to counsel was

adversely affected when his attorney took a position adverse to him (*see People v Fully*, 90 AD3d 1071 [2011]; *People v Vega*, 88 AD3d 1022 [2011]; *People v Dixon*, 63 AD3d 957 [2009]). The County Court should have assigned a different attorney to represent the defendant before it determined the defendant's motion to withdraw his plea of guilty (*see People v Vega*, 88 AD3d at 1022-1023; *People v Dixon*, 63 AD3d at 957). Accordingly, the matter must be remitted to the County Court, Westchester County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and for a new determination of the motion thereafter. We hold the appeal in abeyance pending receipt of the County Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time. Rivera, J.P., Dillon, Angiolillo and Leventhal, JJ., concur.