■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS DUART, Appellant. [978 NYS2d 369]—

Prior to the imposition of sentence for the defendant's conviction of attempted use of a child in a sexual performance under superior court information No. 2799/10, the defendant moved, inter alia, to withdraw his plea of guilty to that charge. Assigned counsel expressed his opinion that the defendant should "maintain his plea" and informed the court that he didn't "feel that [he] could represent [the defendant] at any further proceedings." The defendant's right to counsel was adversely affected when his attorney took a position adverse to the defendant's with respect to that branch of the defendant's motion which was to withdraw his plea of guilty to attempted use of a child in a sexual performance (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v Graves*, 95 AD3d 1034, 1035 [2012]; *People v Fully*, 90 AD3d 1071 [2011]; *People v Vega*, 88 AD3d 1022 [2011]). The County Court should have assigned a different attorney to represent the defendant before it determined that branch of the defendant's motion (*see People v Graves*, 95 AD3d at 1035; *People v Vega*, 88 AD3d at 1022-1023). Accordingly, the matter under superior court information No. 2799/10 must be remitted to the County Court, Suffolk County, for a hearing on that branch of the defendant's motion which was to withdraw his plea of guilty under superior court information No. 2799/10, for which the defendant shall be appointed new counsel, and for a new determination of that branch of the motion thereafter. The appeals will be held in abeyance pending receipt of the County Court's report. We express no opinion as to the merits of that branch of the defendant's motion, and we decide no other issues at this time. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.