■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO BARR, Appellant. [983 NYS2d 875]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered November 26, 2012, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and for a new determination of the motion thereafter, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.

Prior to the imposition of sentence upon the defendant's conviction of assault in the second degree, the defendant moved to withdraw his plea of guilty to that charge on the ground that his assigned counsel had forced him to take the plea by telling him that he would receive a much greater sentence if he rejected the plea. At the sentencing hearing, assigned counsel denied the accusation, which effectively made her a witness against her client. She further expressed her opinion that the defendant's plea of guilty had been validly entered.

The defendant's right to counsel was adversely affected when his attorney took a position adverse to his (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v Duart*, 113 AD3d 788 [2014]; *People v Vega*, 88 AD3d 1022, 1022-1023 [2011]). The Supreme Court should have assigned a different attorney to represent the defendant before it determined the motion (*see People v Duart*, 113 AD3d 788 [2014]; *People v Vega*, 88 AD3d at 1022-1023). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and for a new determination of the motion thereafter. The appeal will be held in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time. Mastro, J.P., Hall, Austin, Sgroi and Duffy, JJ., concur.