◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER KING, Appellant. [996 NYS2d 373]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered November 4, 2013, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Charles O. Lederman for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Marianne Karas, Esq., 980 Broadway, Suite 324, Thornwood, N.Y., 10594, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated January 28, 2014, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's right to counsel was adversely affected when his attorney took a position adverse to him regarding his pro se motion to withdraw his plea (*see People v Graves*, 95 AD3d 1034, 1035 [2012]; *People v Fully*, 90 AD3d 1071 [2011]; *People v Taylor*, 6 AD3d 466, 467 [2004]). Accordingly, assignment of new counsel is warranted (*see People v Stokes*, 95 NY2d 633 [2001]; *People v Casiano*, 67 NY2d 906 [1986]; *People v Gonzalez*, 47 NY2d 606 [1979]). Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.