■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY D. ARMSTEAD, Appellant. [5 NYS3d 260]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered September 17, 2012, convicting him of criminal possession of a controlled substance in the seventh degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and for a new determination of the motion thereafter, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.

Prior to the imposition of sentence upon the defendant's conviction of criminal possession of a controlled substance in the seventh degree, the defendant moved to withdraw his plea of guilty to that charge on the ground that his plea was not knowingly, intelligently, and voluntarily made. At sentencing, assigned counsel stated that the defendant's plea was validly entered, and denied certain factual allegations raised by the defendant.

The defendant's right to counsel was adversely affected when his attorney took a position adverse to his (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v Barr*, 116 AD3d 1061, 1062 [2014]; *People v Duart*, 113 AD3d 788, 789 [2014]; *People v Graves*, 95 AD3d 1034, 1034-1035 [2012]; *People v Vega*, 88 AD3d 1022, 1022-1023 [2011]; *People v Dixon*, 63 AD3d 957, 957 [2009]). The Supreme Court should have assigned a different attorney to represent the defendant before it determined the motion (*see People v Barr*, 116 AD3d at 1062; *People v Duart*, 113 AD3d at 789; *People v Graves*, 95 AD3d at 1034-1035; *People v Vega*, 88 AD3d at 1022-1023; *People v Dixon*, 63 AD3d at 957). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and for a new determination of the motion thereafter. The appeal will be held in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time. Mastro, J.P., Dickerson, Cohen and LaSalle, JJ., concur.