THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER KING, Appellant. [12 NYS3d 151]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered November 4, 2013, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the County Court, Westchester County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be

appointed new counsel, and for a new determination of the motion thereafter, and the appeal is held in abeyance pending receipt of the County Court's report, which shall be filed with all convenient speed.

At sentencing, before the defendant was given an opportunity to present his pro se motion to withdraw his plea of guilty, defense counsel made remarks in response to the prosecutor's statements that the defendant was not entitled to withdraw his plea. Defense counsel was aware of the substance of the claims being advanced by the defendant, and expressed his opinion that the claims being advanced by the defendant did not provide a legal ground for the withdrawal of his plea. Defense counsel then stated that there was no reason why sentencing shouldn't occur that day.

The defendant's right to counsel was adversely affected when his attorney took a position adverse to his (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v Armstead*, 126 AD3d 805, 806 [2015]; *People v Graves*, 95 AD3d 1034, 1035 [2012]; *People v Fully*, 90 AD3d 1071 [2011]). The County Court should have assigned a different attorney to represent the defendant before it determined the defendant's motion to withdraw his plea of guilty (*see People v Armstead*, 126 AD3d at 806; *People v Barr*, 116 AD3d 1061, 1062 [2014]; *People v Duart*, 113 AD3d 788, 789 [2014]). Accordingly, the matter must be remitted to the County Court, Westchester County, for a hearing on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and for a new determination of the motion thereafter. We hold the appeal in abeyance pending receipt of the County Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time. Dillon, J.P., Leventhal, Roman, Sgroi and Hinds-Radix, JJ., concur.