■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MOROCHO, Appellant. [11 NYS3d 684]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered February 26, 2014, convicting him of grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his plea of guilty was not knowingly, voluntarily, and intelligently entered. "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors 'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused' " (*People v Garcia*, 92 NY2d 869, 870 [1998], quoting *People v Hidalgo*, 91 NY2d 733, 736 [1998]). Here, the defendant, who had the assistance of an attorney, knowingly and voluntarily admitted his guilt after a thorough and complete plea allocution. The defendant acknowledged

that he had enough time to completely discuss the facts of his case with his attorney before pleading guilty. The defendant acknowledged that he understood that, by pleading guilty, he was forfeiting his rights to a trial by jury, to present witnesses on his own behalf, to remain silent, and to be proven guilty beyond a reasonable doubt. The defendant indicated that no one had forced or coerced him to enter the plea of guilty, and sufficiently allocuted to the facts of the subject crime. Further, the defendant was fully apprised of the consequences of his plea. The Supreme Court expressly advised the defendant, who was not a United States citizen, that his plea of guilty may result in his deportation or denial of naturalization (*see* CPL 220.50 [7]; *People v Peque*, 22 NY3d 168, 197 [2013]; *People v Taveras*, 123 AD3d 745 [2014]). In addition, the defendant's assertion that the plea proceeding was rushed and perfunctory is unsupported by the record (*see People v Pelaez*, 100 AD3d 803, 804 [2012]; *People v Gordon*, 98 AD3d 1230 [2012]). Accordingly, contrary to the defendant's contention, his plea of guilty was knowingly, voluntarily, and intelligently entered (*see People v Tyrell*, 22 NY3d 359, 365 [2013]; *People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Harris*, 61 NY2d 9, 21-22 [1983]; *People v Jackson*, 114 AD3d 807 [2014]).

The defendant's contention that he was not afforded the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]; *see People v Evans*, 16 NY3d 571, 575 n 2 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Balkin, J.P., Austin, Duffy and Barros, JJ., concur.