■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALDEBERTO LOAIZA, Appellant. [36 NYS3d 487]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County, dated January 7, 2004 (Wong, J.), convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to its findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.

At sentencing, the defendant moved to withdraw his plea of guilty. The defendant's right to counsel was adversely affected when his attorney took a position adverse to his at sentencing (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v Illescas*, 126 AD3d 915 [2015]; *People v Armstead*, 126 AD3d 805, 806 [2015]; *People v Vega*, 88 AD3d 1022, 1022 [2011]; *People v Elting*, 2 AD3d 455 [2003]). The Supreme Court should have assigned a different attorney to represent the defendant before it determined the defendant's motion to withdraw his plea of guilty (*see People v Illescas*, 126 AD3d 915 [2015]; *People v Armstead*, 126 AD3d at 806; *People v Vega*, 88 AD3d 1022 [2011]; *People v Elting*, 2 AD3d 455 [2003]). Accordingly, we remit the matter to the Supreme Court, Queens County, for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant should be appointed new counsel, and thereafter a report to this Court on the motion and whether the defendant established his entitlement to withdrawal of the plea. The appeal will be held in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time. Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.