■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS DUART, Appellant. [41 NYS3d 747]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Kahn, J.), rendered April 1, 2009, convicting him of attempted use of a child in a sexual performance under superior court information No. 553/09, upon his plea of guilty, and imposing sentence, (2) a judgment of the

same court rendered January 25, 2011, convicting him of attempted use of a child in a sexual performance under superior court information No. 2799/10, upon his plea of guilty, and imposing sentence, and (3) an amended judgment of the same court, also rendered January 25, 2011, revoking a sentence of probation previously imposed by the same court upon a finding that he violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted use of a child in a sexual performance under superior court information No. 553/09. By decision and order of this Court dated January 22, 2014, the matter was remitted to the County Court, Suffolk County, for a hearing on that branch of the defendant's motion which was to withdraw his plea of guilty to attempted use of a child in a sexual performance under superior court information No. 2799/10, for which the defendant was to be appointed new counsel, and for a new determination of that branch of the motion thereafter (*see People v Duart*, 113 AD3d 788 [2014]). The appeals were held in abeyance pending receipt of a report from the County Court. The County Court has now submitted its report.

Ordered that the judgments and the amended judgment are affirmed.

In a decision and order dated January 22, 2014, this Court determined that the defendant's right to counsel was adversely affected when his attorney took a position adverse to him on that branch of his motion which was to withdraw his plea of guilty to attempted use of a child in a sexual performance under superior court information No. 2799/10. We therefore remitted the matter to the County Court, Suffolk County, for the appointment of new counsel and for a new determination of that branch of the motion thereafter (*see People v Duart*, 113 AD3d 788 [2014]). The County Court now reports that it appointed new counsel for the defendant, considered that branch of the defendant's motion which was to withdraw his plea of guilty to attempted use of a child in a sexual performance under superior court information No. 2799/10, and denied that branch of the motion.

The County Court providently exercised its discretion in denying that branch of the defendant's motion which was to withdraw his plea of guilty to attempted use of a child in a sexual performance under superior court information No. 2799/10. A motion to withdraw a plea of guilty is addressed to the sound discretion of the County Court, and its determination generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d

482, 483-484 [2002]; *People v Jacob*, 94 AD3d 1142, 1143 [2012]; *People v Villalobos*, 71 AD3d 924 [2010]; *People v Hines*, 70 AD3d 969 [2010]). "Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors 'including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused'" (*People v Garcia*, 92 NY2d 869, 870 [1998], quoting *People v Hidalgo*, 91 NY2d 733, 736 [1998]). Here, the defendant, who had the assistance of an attorney, and who had a lengthy criminal history, knowingly and voluntarily admitted his guilt after a thorough and complete plea allocution. The defendant acknowledged that he had enough time to discuss this matter with his attorney before pleading guilty. The defendant indicated that no one had threatened, forced, or pressured him to enter the plea of guilty and that he was doing so of his own free will, and sufficiently allocuted to the facts of the subject crime. Further, the defendant was fully apprised of the consequences of his plea. Accordingly, contrary to the defendant's contention, his plea of guilty to attempted use of a child in a sexual performance under superior court information No. 2799/10 was knowingly, voluntarily, and intelligently entered (*see People v Morocho*, 129 AD3d 1107 [2015]; *People v Safran*, 113 AD3d 878 [2014]; *People v Pelaez*, 100 AD3d 803, 804 [2012]).

The defendant contends that his due process rights were violated when his plea of guilty to attempted use of a child in a sexual performance under superior court information No. 553/09 allegedly was entered in his absence and without his personal consent. Contrary to the defendant's contention, the record reflects that the defendant was present during the plea proceeding of March 27, 2009. Furthermore, acceptance of the plea of guilty to attempted use of a child in a sexual performance under superior court information No. 553/09 by defense counsel and in the presence of the defendant does not warrant reversal of the defendant's conviction under superior court information No. 553/09 (*see* CPL 200.50 [1]; *People v Sadness*, 300 NY 69 [1949]; *People v Aponte*, 212 AD2d 157, 160 [1995]; *People v Bellis*, 78 AD2d 1014 [1980]).

Inasmuch as the defendant raises no independent claim regarding the amended judgment under superior court information No. 553/09, the amended judgment must be affirmed in light of the affirmance of the judgment under superior court information No. 553/09 (*see People v Washington*, 93 AD3d 681, 682 [2012]; *cf. People v Fuggazzatto*, 62 NY2d 862, 863 [1984]). Chambers, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.