◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HOWELL, Appellant. [45 NYS3d 552]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gugerty, J.), rendered October 22, 2014, as amended November 3, 2014, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to the Supreme Court's findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea, and the appeal is held in

abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.

At sentencing, before the defendant was given an opportunity to present his pro se motion to withdraw his plea of guilty, defense counsel stated that he did not believe that there was any basis at that time for the defendant to withdraw his plea, and thus, neither he nor the defendant filed a motion. The defendant's right to counsel was adversely affected when his attorney took a position adverse to his (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v King*, 129 AD3d 992, 993 [2015]; *People v Armstead*, 126 AD3d 805, 806 [2015]; *People v Duart*, 113 AD3d 788, 789 [2014]; *People v Graves*, 95 AD3d 1034, 1035 [2012]; *People v Fully*, 90 AD3d 1071 [2011]). The Supreme Court should have assigned a different attorney to represent the defendant before it determined the defendant's motion to withdraw his plea of guilty (*see People v King*, 129 AD3d at 993; *People v Armstead*, 126 AD3d at 806; *People v Barr*, 116 AD3d 1061, 1062 [2014]). Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant should be appointed new counsel, and thereafter a report to this Court on the motion and whether the defendant established his entitlement to withdrawal of the plea. We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time. Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.