■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ANTONIO TZINTZUNFRIAS, Appellant. [53 NYS3d 186]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rienzi, J.), rendered March 20, 2012, convicting him of course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Richmond County, for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to the Supreme Court's findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.

The defendant pleaded guilty to course of sexual conduct against a child in the first degree, with respect to sexual acts committed against his stepdaughter over a period of 2½ years. On the date scheduled for imposition of sentence, defense counsel told the Supreme Court that the defendant insisted that he was innocent and had not had adequate legal representation. The court granted defense counsel's application to be relieved, and assigned new counsel to represent the defendant. New counsel subsequently filed a motion seeking withdrawal of the defendant's plea, but stated in his affirmation in support of the motion that the plea allocution was "comprehensive," and that the record indicated that the defendant pleaded guilty "voluntarily and knowingly" and was satisfied with his prior attorney. The court denied the motion without conducting a hearing and sentenced the defendant in accord with the plea agreement.

On appeal, the defendant contends that he received ineffective assistance of counsel when his new counsel took a position adverse to his motion to withdraw the plea. The People agree that counsel was deficient and that the defendant was denied meaningful representation under the New York State Constitution, and they agree that the case should be remitted for further proceedings on the defendant's motion to withdraw his plea, with assignment of a new attorney to represent the defendant.

Under the circumstances, we deem it appropriate to remit the matter to the Supreme Court, Richmond County, for fur-

ther proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant should be appointed new counsel (*see People v Mitchell*, 21 NY3d 964, 967 [2013]; *People v Prater*, 127 AD3d 1249, 1250 [2015]; *People v Russ*, 118 AD3d 1039, 1040 [2014]), and, thereafter, a report to this Court on the motion and whether the defendant established his entitlement to withdrawal of the plea (*see People v Howell*, 146 AD3d 981, 982 [2017]). We hold the appeal in abeyance pending receipt of the court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issue at this time. Balkin, J.P., Austin, LaSalle and Brathwaite Nelson, JJ., concur.