Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gugerty, J.), rendered October 22, 2014, as amended November 3, 2014, convicting him of assault in the second degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated January 25, 2017, the matter was remitted to the Supreme Court, Nassau County, for further proceedings on the defendant’s motion to withdraw his plea of guilty and for the issuance of a report with respect to the motion, and the appeal was held in abeyance in the interim (see People v Howell, 146 AD3d 981 [2017]). The Supreme Court has now filed its report.
 

 Ordered that the judgment, as amended, is affirmed.
 

 At sentencing, before the defendant was given an opportunity to present his pro se motion to withdraw his plea of guilty, defense counsel stated that he did not believe that there was any basis for the defendant to withdraw his plea. By decision and order dated January 25, 2017, this Court determined that the defendant’s right to counsel was adversely affected when his attorney took a position adverse to him with respect to the motion (see People v Howell, 146 AD3d 981, 982 [2017]). Further, this Court concluded that the Supreme Court should have assigned a different attorney to represent the defendant before it determined the defendant’s motion to withdraw his plea of guilty (see id. at 982). Thus, this Court remitted the matter to the Supreme Court, Nassau County, for further proceedings on the defendant’s motion to withdraw his plea of guilty, for which the defendant was to be appointed new counsel, and thereafter for a report to this Court limited to the Supreme Court’s findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea. The appeal was held in abeyance pending receipt of the Supreme Court’s report.
 

 Thereafter, the Supreme Court filed with this Court a transcript of the proceedings held before it on March 2, 2017. In the interest of judicial economy, this Court will deem this transcript to constitute the report. The transcript minutes indicate that the Supreme Court appointed new counsel to represent the defendant and that the defendant no longer seeks the opportunity to move to withdraw his plea of guilty. Thus, the Supreme Court granted the defendant’s application for leave to withdraw his motion to withdraw his plea of guilty.
 

 Since the defendant’s arguments on appeal focus on whether his plea of guilty was knowing, voluntary, and intelligent, his decision to no longer challenge his plea of guilty renders these arguments academic. Since the defendant’s arguments have been rendered academic, and since those arguments, in any event, would not have been foreclosed by a valid waiver of the right to appeal, the defendant’s additional contention that his waiver of the right to appeal was invalid is academic.
 

 Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.