People v Caputo (2018 NY Slip Op 05481)





People v Caputo


2018 NY Slip Op 05481


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-09329
 (Ind. No. 1752/14)

[*1]The People of the State of New York, respondent,
v
Vincent Caputo, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchinson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Jonathan K. Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered September 4, 2014, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Queens County, for further proceedings on the defendant's application to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to the Supreme Court's findings with respect to the application and whether the defendant established his entitlement to the withdrawal of his plea of guilty, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
The defendant pleaded guilty to criminal possession of a firearm. Upon being interviewed by the Department of Probation prior to sentencing, the defendant asserted that he was innocent and planned to withdraw his plea of guilty. At sentencing, the judge, after declaring that the defendant would not be permitted to withdraw his plea, inquired into the claim of innocence. When defense counsel stated that the defendant wished to make an application to withdraw his plea, the court indicated that it would not allow the defendant to make that application. The court then asked defense counsel whether, "other than he just changed his mind is there any legal basis for him to take his plea back?" Counsel answered in the negative. The defendant was thereafter asked whether he wanted to say anything, and he began to explain the basis of his application to withdraw his plea, but he was cut off by defense counsel and the court. The defendant was then sentenced to a period of probation.
"The nature and extent of the fact-finding procedures prerequisite to the disposition of [motions to withdraw a plea of guilty] rest largely in the discretion of the Judge to whom the motion is made" (People v Tinsley, 35 NY2d 926, 927; see People v Manor, 27 NY3d 1012, 1013). While in "rare instance[s]" a defendant will be entitled to an evidentiary hearing, often "a limited interrogation by the court will suffice" (People v Tinsley, 35 NY2d at 927; see People v Manor, 27 NY3d at 1014), and when a motion "is patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967). Nevertheless, "[t]he defendant should be afforded reasonable opportunity to present his contentions and the court should [*2]be enabled to make an informed determination" (People v Tinsley, 35 NY2d at 927; see People v Ghingoree, 150 AD3d 881).
Moreover, "a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d at 966). Counsel "takes a position adverse to his client," depriving him or her of meaningful representation, "when stating that the defendant's motion lacks merit" (People v Washington, 25 NY3d 1091, 1095; see People v Mitchell, 21 NY3d at 966).
Here, the defendant was not afforded a reasonable opportunity to present his contentions regarding plea withdrawal and, consequently, the sentencing court was not able to make an informed determination of that application (see People v Tinsley, 35 NY2d at 927; People v Ghingoree, 150 AD3d 881). Moreover, the defendant's right to counsel was adversely affected when his attorney took a position adverse to his, and new counsel should have been assigned to represent the defendant before his application to withdraw his plea was determined (see People v Ghingoree, 150 AD3d 881; People v Tzintzunfrias, 149 AD3d 1112, 1113; People v Howell, 146 AD3d 981, 982; People v Ferguson, 140 AD3d 976, 977; People v King, 129 AD3d 992, 993; People v Duart, 113 AD3d 788, 789).
Accordingly, the matter must be remitted to the Supreme Court, Queens County, for further proceedings on the defendant's application to withdraw his plea of guilty, for which the defendant should be appointed new counsel, and thereafter a report to this Court on the application and whether the defendant established his entitlement to withdrawal of the plea. We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's application.
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court