People v Falls (2018 NY Slip Op 06110)





People v Falls


2018 NY Slip Op 06110


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-07035
 (Ind. No. 15-00604)

[*1]The People of the State of New York, respondent,
v
Raiquan Falls, appellant.


Thomas R.Villecco, Jericho, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered May 31, 2016, convicting him of tampering with physical evidence, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the County Court, Orange County, for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to the County Court's findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the County Court's report, which shall be filed with all convenient speed.
On April 5, 2016, the defendant pleaded guilty to tampering with physical evidence. Thereafter, he moved pro se to withdraw his plea of guilty. When the matter came on for sentencing, the defendant advised the County Court that he wanted to withdraw his plea. His attorney stated that there was no basis for the defendant to withdraw his plea, and the court proceeded to impose sentence. The defendant's right to counsel was adversely affected when his attorney took a position adverse to that of the defendant. The court should have appointed new counsel to represent the defendant with respect to the motion to withdraw his plea of guilty (see People v Caputo, 163 AD3d 983; People v Howell, 146 AD3d 981; People v Loaiza, 142 AD3d 564; People v Hayes, 140 AD3d 1186; People v Elting, 2 AD3d 455).
Accordingly, we remit the matter to the County Court, Orange County, for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant should be appointed new counsel, and thereafter a report to this Court on the motion and whether the defendant established his entitlement to withdrawal of the plea. We hold the appeal in abeyance pending receipt of the County Court's report. We express no opinion as to the merits of the defendant's motion.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court