People v Mack (2019 NY Slip Op 00621)





People v Mack


2019 NY Slip Op 00621


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-00599
2017-00600
2017-00601

[*1]The People of the State of New York, respondent,
v
Jacqueline Mack, appellant. (Ind. Nos. 15-406, 15-447, 15-449)


Mark Diamond, New York, NY, for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from three judgments of the County Court, Rockland County (David S. Zuckerman, J.), all rendered December 13, 2016, convicting her of criminal possession of a controlled substance in the third degree under Indictment No. 15-406, criminal sale of a controlled substance in the third degree under Indictment No. 15-447, and conspiracy in the fourth degree under Indictment No. 15-449, upon her pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
A waiver of the right to appeal will not be enforced unless it was knowingly, intelligently, and voluntarily made (see People v Lopez, 6 NY3d 248, 256; People v Callahan, 80 NY2d 273, 280). Furthermore, the waiver is effective only when the record demonstrates that the defendant has a full appreciation of the consequences of that waiver (see People v Cassadean, 160 AD3d 655, 656; People v Brown, 122 AD3d 133, 136).
Contrary to the defendant's contention, she knowingly, voluntarily, and intelligently waived her right to appeal at the time she entered her pleas of guilty (see People v Moore, 140 AD3d 1091; People v Corbin, 121 AD3d 803). The record shows that the Supreme Court adequately explained, and the defendant acknowledged that she understood, the separate and distinct nature of the waiver of the right to appeal, and the defendant signed a written waiver which she discussed with counsel and which adequately supplemented the oral colloquy.
"Whether a plea was knowing, intelligent and voluntary is dependent upon a number of factors including the nature and terms of the agreement, the reasonableness of the bargain, and the age and experience of the accused'" (People v Garcia, 92 NY2d 869, 870, quoting People v Hidalgo, 91 NY2d 733, 736; see People v Conceicao, 26 NY3d 375, 383-384; People v Duart, 144 AD3d 1173).
Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Persaud, 109 AD3d 626, 626), [*2]here, the defendant's contention that her pleas of guilty were not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review because she did not move to withdraw her pleas prior to the imposition of sentence (see People v Bennett, 122 AD3d 871; People v Lofton, 115 AD3d 989, 989). Further, the exception to the preservation requirement does not apply here, because the defendant's plea allocution did not cast significant doubt upon her guilt, negate an essential element of the crimes, or call into question the voluntariness of the pleas (see People v Bennett, 122 AD3d at 872).
In any event, the defendant's pleas of guilty to criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree, and conspiracy in the fourth degree were knowingly, voluntarily, and intelligently entered (see People v Duart, 144 AD3d at 1175; People v Morocho, 129 AD3d 1107; People v Safran, 113 AD3d 878). The defendant, who had the assistance of an attorney, and had a lengthy criminal history (see People v Jacqueline Mack, 290 AD2d 517), knowingly and voluntarily admitted her guilt after a thorough and complete plea allocution. The defendant acknowledged that she had enough time to discuss this matter with her attorney before pleading guilty. The defendant indicated that no one had threatened, forced, or pressured her to enter the pleas of guilty, and that her pleas of guilty were of her own free will. She also sufficiently allocuted to the facts of the subject crimes. Further, the defendant acknowledged that she understood that, by pleading guilty, she was forfeiting her rights to a trial by jury, to present witnesses on her own behalf, to remain silent, and to be proven guilty beyond a reasonable doubt. In addition, the defendant was fully apprised of the consequences of her pleas, i.e., that her pleas of guilty would be considered a conviction, and that if she were ever convicted of another felony, she would be subject to an enhanced sentence.
To the extent the Supreme Court misstated the defendant's sentencing exposure, under the circumstances here, the misstatement could not have influenced the defendant's decision to plead guilty (see People v Garcia, 92 NY2d 869; People v Mack, 140 AD3d 791; People v Bravo, 72 AD3d 697; People v Nicholas, 8 AD3d 300).
The defendant's valid waiver of her right to appeal precludes appellate review of her challenge to the hearing court's suppression determination (see People v Moore, 140 AD3d 1091). The defendant's contention that CPL 710.70(2) nonetheless requires, or at least permits, review of the order denying suppression, notwithstanding the valid appeal waiver, is without merit (see People v Kemp, 94 NY2d 831; People v Charley, 80 AD3d 622; People v Brathwaite, 263 AD2d 89, 91; see also People v Friend, 173 AD2d 636).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court