People v Jeffery (2019 NY Slip Op 01229)





People v Jeffery


2019 NY Slip Op 01229


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-01803
 (Ind. No. 5700/15)

[*1]The People of the State of New York, respondent,
v
Trevis Jeffery, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Elizabeth Foley, J., at plea; Cassandra Mullen, J., at sentence), rendered December 13, 2016, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Kings County, for a hearing on the defendant's application to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to the Supreme Court's findings with respect to the application and whether the defendant established his entitlement to the withdrawal of his plea of guilty, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
The defendant pleaded guilty to attempted robbery in the second degree. On the date scheduled for imposition of sentence, the defendant informed the Supreme Court that he wanted to "take this plea back," briefly describing the reasons therefor, including that his attorney had not consulted with him adequately. Defense counsel "disagree[d]" with the defendant's assertion regarding his representation of the defendant. The court proceeded to impose sentence.
The defendant was not afforded a reasonable opportunity to present his contentions regarding his application to withdraw his plea of guilty and, consequently, the sentencing court was not able to make an informed determination of that application (see People v Tinsley, 35 NY2d 926, 927; People v Caputo, 163 AD3d 983; People v Ghingoree, 150 AD3d 881). Moreover, the defendant's right to counsel was adversely affected when his attorney took a position adverse to his, and new counsel should have been assigned to represent the defendant before his application to withdraw his plea was determined (see People v Caputo, 163 AD3d at 984; People v Tzintzunfrias, 149 AD3d 1112, 1112; People v Howell, 146 AD3d 981, 982; People v Ferguson, 140 AD3d 976, 977; People v King, 129 AD3d 992, 993; People v Armstead, 126 AD3d 805, 806; People v Barr, 116 AD3d 1061, 1062; People v Duart, 113 AD3d 788, 789; People v Vega, 88 AD3d 1022, 1022-1023).
Accordingly, as the People correctly concede, the matter must be remitted to the [*2]Supreme Court, Kings County, for a hearing on the defendant's application to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court on the application and whether the defendant established his entitlement to the withdrawal of the plea. We hold the appeal in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's application, and we decide no other issues at this time.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ.,
ENTER:
Aprilanne Agostino
Clerk of the Court