People v Lopez (2019 NY Slip Op 05153)





People v Lopez


2019 NY Slip Op 05153


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2016-13060
 (Ind. No. 196/16)

[*1]The People of the State of New York, respondent,
v
Juan Miguel Lopez, appellant.


Michael A. Fiechter, Bellmore, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), rendered September 16, 2016, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Nassau County, for a hearing on the defendant's application to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court as to the Supreme Court's findings with respect to whether the defendant has established his entitlement to withdrawal of the plea, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
The defendant pleaded guilty to robbery in the third degree. On the date of sentencing, the defendant referred to a letter he had sent to the Supreme Court. The defendant and defense counsel conferred. Defense counsel then stated that there was a language barrier, she had explained the case to the defendant many times, and the defendant wanted clarification of the charges again, but he was prepared to go forward with sentencing. The defendant complained that the promised sentence was too long and that his attorney was not helping him. Defense counsel interjected that she had explained the case to the defendant on numerous occasions through a Spanish language interpreter, and that "[t]his is all news to me." The defendant requested assignment of new counsel. The court denied the defendant's pro se application, in effect, to withdraw his plea and for the assignment of new counsel, and imposed sentence. The defendant appeals.
The defendant's right to counsel was adversely affected when his attorney took a position adverse to him with respect to his application, in effect, to withdraw his plea of guilty at sentencing (see People v Mitchell, 21 NY3d 964, 967; People v Loaiza, 142 AD3d 564, 565; People v Elting, 2 AD3d 455, 456; People v Jones, 223 AD2d 559; People v Santana, 156 AD2d 736). The Supreme Court therefore should have assigned a different attorney to represent the defendant before it determined the defendant's application to withdraw his plea of guilty (see People v Loaiza, 142 AD3d at 565; People v Illescas, 126 AD3d 915; People v Armstead, 126 AD3d 805, 806). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing on the defendant's application to withdraw his plea of guilty, for which the defendant shall be appointed [*2]new counsel, and thereafter a report to this Court as to the Supreme Court's findings with respect to whether the defendant has established his entitlement to withdrawal of the plea. The appeal will be held in abeyance pending receipt of the court's report. At this juncture, we express no opinion as to the merits of the defendant's application and we decide no other issues (see People v Illescas, 126 AD3d at 916).
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court