People v Galicia (2024 NY Slip Op 04977)

People v Galicia

2024 NY Slip Op 04977

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2023-01203
 (Ind. No. 70588/21)

[*1]The People of the State of New York, respondent,
v
Efrain Galicia, appellant.

Bruce R. Bekritsky, Carle Place, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester of counsel; Matthew C. Frankel on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Caryn R. Fink, J.), rendered January 12, 2023, convicting him of operating a motor vehicle while under the influence of alcohol or drugs, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his waiver of the right to appeal was invalid and, therefore, his plea of guilty should be vacated. However, even if the defendant did not validly waive his right to appeal, "it would not render his guilty plea involuntary so as to require that we invalidate the plea or entitle him to withdraw his guilty plea" (People v Thomas, 190 AD3d 1157, 1159). Instead, we would not enforce the appeal waiver and would proceed to address the issues raised on appeal that are reviewable in the absence of a valid appeal waiver (see id.; see also People v Murray, 169 AD3d 227, 233). "Thus, an unenforceable appeal waiver does not automatically void a knowing, voluntary and intelligent guilty plea" (People v Thomas, 190 AD3d at 1159). "Further, a defendant may challenge the voluntariness of a guilty plea regardless of the validity of a waiver of appeal" (id.; see People v Seaberg, 74 NY2d 1, 10; People v Coleman, 164 AD3d 518).
Here, to the extent that the defendant contends that his plea of guilty was not knowingly, voluntarily, and intelligently entered, that contention is unpreserved for appellate review, as he did not move to withdraw the plea or otherwise object to it prior to sentencing (see CPL 470.05[2]; People v Osorio-Rivera, 191 AD3d 902; People v Murray, 186 AD3d 625). In any event, the record as a whole affirmatively demonstrates that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Osorio-Rivera, 191 AD3d 902; People v Robinson, 144 AD3d 1055; People v Byrd, 100 AD3d 1013).
Since the defendant raises no other issues on appeal, his contentions regarding the validity of his appeal waiver are academic and we affirm the judgment (see People v Castro, 192 AD3d 1041; People v Howell, 156 AD3d 815, 816).
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court