■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MAJORS, Appellant. [875 NYS2d 111]—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Latella, J.), dated October 19, 2007, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered December 5, 2001, convicting him of attempted murder in the second degree (two counts), robbery in the first degree, and criminal possession of stolen property in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the order is affirmed.

The defendant originally was convicted of the charges at issue after a jury trial. The defendant successfully moved, on the ground of juror misconduct, to vacate the judgment. The defendant was retried and convicted after a nonjury trial. The defendant again moved to vacate the judgment of conviction against

him, claiming that he was denied the effective assistance of counsel at his second trial by virtue of his attorney's failure to call an alibi witness. Contrary to the People's contention, the defendant's claim is not procedurally barred on the ground that sufficient facts appeared on the record to permit adequate review of the claim on direct appeal (*see* CPL 440.10 [2] [b]). Nonetheless, on the merits, it appears from the parties' submissions in support of and in opposition to the defendant's motion that the defendant received meaningful representation at his second trial (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Accordingly, we affirm the denial of his motion to vacate the judgment of conviction. Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.