Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Hudson, J.), dated March 31, 2010, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered June 13, 2000, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the order is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for a hearing in accordance herewith and a new determination of the defendant’s motion thereafter.
At the defendant’s trial for murder, the evidence against him consisted primarily of his confession to police. At a suppression hearing held in November 1999, before his trial, he contested, inter alia, whether his confession was voluntarily given. He took the stand at the hearing and testified that he signed the confession only after the detectives conducting the interrogation handcuffed him to a chair and, among other things, slapped him, hit him, and shocked him twice in the back with a stun gun or taser. He also presented the testimony of a nurse practitioner, who examined him at the Suffolk County jail and testified that, approximately one week after the interrogation, the defendant had two “healing round excoriations” on his back, but she could not determine whether they were caused by a stun gun. The suppression court credited the testimony of the People’s witnesses, including Detective Vincent O’Leary, that the defendant was not physically abused during the interroga *930 tion, and denied the defendant’s suppression motion. At trial, defense counsel cross-examined O’Leary as to whether he had ever been involved in a case with a “false confession.” The trial court sustained the prosecutor’s objection to this line of inquiry. The defendant was convicted of depraved indifference murder and felony murder, and was sentenced on June 13, 2000.
The defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that the prosecution failed to fulfill its obligations pursuant to Brady v Maryland (373 US 83, 87 [1963]). Specifically, he contended that the People failed to disclose to him that a civil action had been brought against O’Leary and Suffolk County in the United States District Court for the Eastern District of New York (hereinafter EDNY) alleging that O’Leary procured a false confession to an arson by repeatedly striking the handcuffed plaintiff in the head with a telephone book until he confessed. According to an EDNY docket printout submitted by the defendant in support of the motion, the civil complaint was filed on June 1, 1998, and was answered by O’Leary and Suffolk County on June 18, 1998. The attorney of record for O’Leary and Suffolk County in that action was the Suffolk County Attorney. The civil case against O’Leary was settled in March 2001, after the defendant’s trial and sentencing for murder had been concluded.
In opposition to the defendant’s motion for post-conviction relief, the People submitted, inter alia, an attorney’s affirmation, based on a review of files in the Suffolk County District Attorney’s office, claiming that the District Attorney did not have knowledge of the civil action against O’Leary until January 2001, a date after the defendant’s trial had concluded. The basis for this claim was the same EDNY docket printout submitted by the defendant in support of his motion, indicating that on January 18, 2001, the EDNY directed the District Attorney to unseal some unspecified files and make them available to the plaintiff in that action.
In an order dated March 31, 2010, the County Court, without conducting a hearing, denied the defendant’s motion to vacate his judgment of conviction. A Justice of this Court granted the defendant leave to appeal, and we now reverse the order and remit the matter for a hearing.
A defendant is entitled, under the state and federal constitutions, “to discover favorable evidence in the People’s possession material to guilt or punishment” (People v Fuentes, 12 NY3d 259, 263 [2009], citing Brady v Maryland, 373 US at 87-88, and People v Bryce, 88 NY2d 124, 128-129 [1996]). Indeed, the law requires that Brady material be produced whether or not the *931 defendant requests any such evidence (see Strickler v Greene, 527 US 263, 280-281 [1999]). To establish a Brady violation, the “evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued” because the evidence was material (Strickler v Greene, 527 US at 281-282; see People v LaValle, 3 NY3d 88, 109-110 [2004]; People v Fuentes, 12 NY3d at 263).
Here, the allegedly suppressed evidence clearly fell within the ambit of the prosecutor’s Brady obligation because it constituted impeachment evidence (see People v Fuentes, 12 NY3d at 263; see also Giglio v United States, 405 US 150 [1972]). Moreover, the People’s failure to disclose the existence of the civil action may have denied the defendant the opportunity to conduct an investigation leading to additional exculpatory or impeaching evidence (see United States v Gil, 297 F3d 93, 104 [2002], citing United States v Gleason, 265 F Supp 880, 886 [1967]), for instance, providing a basis for the disclosure of police personnel records otherwise unavailable (see People v Gissendanner, 48 NY2d 543, 549 [1979]; People v Puglisi, 44 NY2d 748, 750 [1978]; People v Vasquez, 49 AD2d 590 [1975]).
“In New York, where a defendant makes a specific request for a document, the materiality element is established provided there exists a ‘reasonable possibility’ that it would have changed the result of the proceedings” (People v Fuentes, 12 NY3d at 263). “Absent a specific request by defendant for the document, materiality can only be demonstrated by a showing that there is a ‘reasonable probability’ that it would have changed the outcome of the proceedings” (id.). Here, the record does not demonstrate that the defendant made a specific request for the allegedly suppressed information. Nevertheless, we find that there was a “reasonable probability” that disclosure of the lawsuit would have changed the outcome of the defendant’s trial. The primary evidence at trial establishing the defendant’s identity as the murderer was his confession. The other evidence tying him to the crime was weak, consisting of testimony that he was seen with the victim shortly before she disappeared. Since the credibility of the detectives who obtained the defendant’s confession was of central importance in the case, the nondisclosure was material (see People v Hunter, 11 NY3d 1 [2008]; see also Giglio v United States, 405 US at 154-155; Milke v Ryan, 711 F3d 998 [2013]).
Accordingly, a hearing is necessary to determine whether the District Attorney’s office had sufficient knowledge of the suit *932 against O’Leary so as to trigger its obligations under Brady. Evidence subject to disclosure under Brady includes evidence “known only to police investigators and not to the prosecutor” (Kyles v Whitley, 514 US 419, 438 [1995]; see Strickler v Greene, 527 US at 280-281), and, therefore, “the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government’s behalf in th[is] case, including the police” (Kyles v Whitley, 514 US at 437). This rule is based upon the principle that “[t]he government cannot with its right hand say it has nothing while its left hand holds what is of value” (United States v Wood, 57 F3d 733, 737 [1995]). Here, the attorney’s affirmation submitted in opposition to the defendant’s motion, which was based only on a review of files, is insufficient to establish that no one to whom the obligation under Brady extended, other than perhaps O’Leary himself (cf. People v Vasquez, 214 AD2d 93 [1995]), had knowledge of the civil action at any time during which the prosecution’s Brady obligation was ongoing. Accordingly, we reverse and remit the matter to the County Court, Suffolk County, for a hearing on this issue and a new determination of the defendant’s motion thereafter (see People v Rahman, 231 AD2d 745, 746 [1996]). Mastro, J.E, Angiolillo, Chambers and Cohen, JJ., concur.