*1072 Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Gary, J.), entered November 30, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Collini, J.), rendered November 20, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the order is affirmed.
The Supreme Court properly denied, without a hearing, that branch of the defendant’s motion pursuant to CPL 440.10 which was to vacate a judgment of conviction on the ground that the defendant was deprived of the effective assistance of counsel. The parties’ submissions in support of and in opposition to the defendant’s motion established that the defendant received meaningful representation at trial (see CPL 440.30 [4]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Majors, 59 AD3d 738, 739 [2009]; cf. People v Jenkins, 84 AD3d 1403, 1409 [2011]).
Furthermore, the Supreme Court properly denied, without a hearing, that branch of the defendant’s motion which was pursuant to CPL 440.10 to vacate the judgment on the ground that the prosecution committed a Brady violation (see Brady v Maryland, 373 US 83 [1963]), by failing to disclose that one of its witnesses at trial had a criminal charge pending against him. Based upon the parties’ submissions in support of and in opposition to the defendant’s motion, there was no reasonable possibility that such nondisclosure affected the outcome of the trial (see People v Fuentes, 12 NY3d 259, 263 [2009]; People v Graves, 62 AD3d 900, 901 [2009]; cf. People v Johnson, 107 AD3d 1161, 1166 [2013]; cf. also People v Garrett, 106 AD3d 929, 931 [2013]).
The defendant’s remaining contentions were either previously determined on the merits on the direct appeal from the judgment of conviction (see CPL 440.10 [2] [c]; see also People v Benloss, 60 AD3d 686 [2009]), or sufficiently appeared on the record “to have permitted” adequate review thereof on the direct appeal (CPL 440.10 [2] [c]; see People v Cooks, 61 NY2d 100, 103 [1986]; People v Kandekore, 300 AD2d 318, 319 [2002]). Accordingly, the Supreme Court properly denied those branches of the defendant’s motion (see CPL 440.10 [2]; People v Kandekore, 300 AD2d at 319).
Mastro, J.P, Skelos, Cohen and LaSalle, JJ., concur.