■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARAT KRIVOY, Appellant. [22 NYS3d 889]—Appeal by the defendant, by permission, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Tomei, J.), dated March 26, 2014, as denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court

rendered January 31, 2008, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed insofar as appealed from.

The Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment on the ground that the prosecution committed a *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) by failing to disclose a statement of the defendant's former wife. Based upon the parties' submissions in support of and in opposition to the defendant's motion, there was no reasonable possibility that such nondisclosure affected the outcome of the trial (*see People v Fuentes*, 12 NY3d 259, 263 [2009]; *People v Benloss*, 117 AD3d 1071 [2014]; *People v Graves*, 62 AD3d 900, 901 [2009]).

On appeal, the defendant also argues that the prosecution committed a *Brady* violation by failing to disclose a statement by Flora Gulyan and testimony of Alexander Spitchenko given at a trial in federal court. This contention is unpreserved for appellate review, as it was not raised before the Supreme Court (*see People v Wagstaffe*, 120 AD3d 1361 [2014]). We decline to reach this contention in the exercise of our interest of justice jurisdiction. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.