People v Fellows (2021 NY Slip Op 01269)





People v Fellows


2021 NY Slip Op 01269


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-01297
 (Ind. No. 100/17)

[*1]The People of the State of New York, respondent,
v
Shaheed D. Fellows, appellant.


Vincent Gelardi, Rye Brook, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 10, 2018, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the County Court, Dutchess County, for further proceedings on the defendant's motion to withdraw his plea of guilty, and thereafter a report to this Court limited to the County Court's findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea, and the appeal is held in abeyance pending receipt of the County Court's report, which shall be filed with all convenient speed.
The defendant pleaded guilty to assault in the first degree, but at sentencing, the defendant stated that he wished to withdraw his plea, which he claimed had been coerced by his counsel. The County Court relieved defense counsel, and assigned new counsel to represent the defendant. Subsequently, the defendant's new counsel advised the court that after evaluating the evidence, the defendant's allocution, and after speaking to the defendant and his prior attorney, a motion to withdraw the plea of guilty would be frivolous. The court granted the defendant a number of adjournments to permit him to retain private counsel to pursue his motion to withdraw his plea, but when the defendant failed to do so, the court ultimately sentenced him, while he was still represented by the second assigned counsel.
"[A] defendant has a right to effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966). Counsel "takes a position adverse to his [or her] client," depriving him or her of meaningful representation, "when stating that the defendant's motion lacks merit" (People v Washington, 25 NY3d 1091, 1095).
We agree with the defendant that his right to counsel was adversely affected, and he received ineffective assistance of counsel, when his counsel took a position adverse to his (see People v Jeffery, 169 AD3d 924, 925; People v Tzintzunfrias, 149 AD3d 1112). The County Court should have appointed new counsel to represent the defendant with respect to the motion to withdraw his plea of guilty (see People v Jeffery, 169 AD3d at 925; People v Tzintzunfrias, 149 AD3d at [*2]1112).
Under the circumstances, we deem it appropriate to remit the matter to the County Court, Dutchess County, for further proceedings on the defendant's motion to withdraw his plea of guilty, and, thereafter, a report to this Court on the motion and whether the defendant established his entitlement to withdrawal of the plea (see People v Falls, 164 AD3d 1361). We hold the appeal in abeyance pending receipt of the court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issue at this time.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court