People v Turner (2021 NY Slip Op 04037)





People v Turner


2021 NY Slip Op 04037


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-10718
2019-10721

[*1]The People of the State of New York, respondent,
v
Jamel Turner, appellant. (Ind. Nos. 767/18, 771/18)


Richard L. Herzfeld, New York, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Suffolk County (Fernando Camacho, J.), both rendered August 6, 2019, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 767/18, and assault in the first degree (six counts), aggravated vehicular homicide with a suspended license (five counts), and operating a motor vehicle impaired by drugs in violation of Vehicle and Traffic Law § 1192(4) under Indictment No. 771/18, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant contends that his pleas were not knowing, voluntary, and intelligent because he was not advised until after his allocution that his sentences would include a period of postrelease supervision. The defendant's contention is unpreserved for appellate review because the defendant failed to move to withdraw his pleas on that ground or otherwise raise this issue prior to the imposition of the sentences (see People v Murray, 15 NY3d 725, 726-727; People v Bush, 185 AD3d 1048). In any event, the defendant's assertion that he was not advised until after his allocution that his sentences would include a period of postrelease supervision is belied by the record, and therefore, his contention is without merit.
A motion to withdraw a plea of guilty is addressed to the sound discretion of the court, and its determination generally will not be disturbed absent an improvident exercise of discretion (see CPL 220.60[3]; People v Stephensbush, 172 AD3d 1108, 1108). When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances (see People v Manor, 27 NY3d 1012, 1013-1014; People v Caputo, 163 AD3d 983, 984). When a motion to withdraw a plea of guilty "is patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967).
Here, the record supports the County Court's determination that the defendant's pleas of guilty were entered knowingly, voluntarily, and intelligently (see People v Stephensbush, 172 AD3d at 1109). The defendant's postplea assertion that his pleas were involuntary because his [*2]attorney failed to adequately consult with him is belied by the record and contradicted the statements he made under oath during his plea allocution. Accordingly, the defendant's motion to withdraw his pleas of guilty was properly denied without further inquiry (see People v Balbuenatorres, 179 AD3d 828, 829; People v Massey, 70 AD3d 722, 723).
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court