People v Fellows (2022 NY Slip Op 04976)

People v Fellows

2022 NY Slip Op 04976

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2018-01297
 (Ind. No. 100/17)

[*1]The People of the State of New York, respondent,
v
Shaheed D. Fellows, appellant.

Vincent Gelardi, Rye Brook, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 10, 2018, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence. By decision and order of this Court dated March 3, 2021, the matter was remitted to the County Court, Dutchess County, for further proceedings on the defendant's motion to withdraw his plea of guilty, and thereafter for the submission of a report by the County Court with respect to the motion and whether the defendant established entitlement to the withdrawal of his plea, and the appeal was held in abeyance in the interim (see People v Fellows, 192 AD3d 701). The County Court has filed its report.
ORDERED that the judgment is affirmed.
In a decision and order dated March 3, 2021, this Court remitted this matter to the County Court, Dutchess County, for further proceedings on the defendant's motion to withdraw his plea of guilty, based on the determination that his right to counsel was adversely affected, and that he received ineffective assistance of counsel, when, after having pleaded guilty, the defendant told the County Court that he wished to withdraw his plea, and his counsel took a position adverse to his (see People v Fellows, 192 AD3d 701). Upon remittitur, the defendant moved to withdraw his plea of guilty, and the court, in a report dated November 22, 2021, denied the motion.
The County Court properly denied the defendant's motion to withdraw his plea of guilty. The defendant's contention that he was coerced by his counsel into pleading guilty is belied by his statements under oath at the plea proceeding (see People v Jackson, 170 AD3d 1040; People v Duncan, 78 AD3d 1193, 1194). Moreover, the accurate statements by his counsel and the court as to his maximum possible sentence exposure if he were convicted after trial did not constitute coercion (see People v Legette, 191 AD3d 900, 901; People v Bhuiyan, 181 AD3d 699, 700; People v Solis, 111 AD3d 654, 655).
The record of the defendant's plea proceeding also belies his contention that he was not advised about the defenses of justification and intoxication (see People v Varela-Carias, 105 AD3d 780, 781). Furthermore, the People correctly contend that the evidence, namely video [*2]surveillance footage of the incident at issue, does not support the defendant's claim that either defense was viable in this case (see Matter of Y.K., 87 NY2d 430, 433; People v Goetz, 68 NY2d 96, 115; People v Juarez, 172 AD3d 1231, 1232).
The defendant was not deprived of effective assistance of counsel based on his counsel's accurate advice concerning the immigration consequences of his plea of guilty (see People v Galan, 116 AD3d 787, 789; People v Argueta, 46 AD3d 46, 51). Finally, the defendant's valid waiver of the right to appeal precludes review of his alleged claims of ineffective assistance of counsel which do not implicate the voluntariness of the plea (see People v Brown, 170 AD3d 878, 879).
LASALLE, P.J., DILLON, BARROS and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court