People v Pointer (2023 NY Slip Op 03711)

People v Pointer

2023 NY Slip Op 03711

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-04116
 (Ind. No. 310/21)

[*1]The People of the State of New York, respondent,
v
David R. Pointer, appellant.

Warren S. Hecht, Forest Hills, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered April 11, 2022, convicting him of manufacture, transport, disposition, and defacement of weapons and dangerous instruments and appliances, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Prior to sentencing, the defendant filed a pro se motion to withdraw his plea of guilty on the ground, in effect, that he was not guilty. At the sentencing proceeding, the County Court asked defense counsel if he was going to adopt the motion and if he was aware of "any legal basis to not go forward with the sentence." Defense counsel responded that he was not adopting the motion, and that "other than the fact that my client wishes to file the motion and have separate counsel appointed for that purpose, I'm not aware of a legal basis."
"It is well settled that a defendant has [the] right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966; see People v Rozzell, 20 NY2d 712, 713). "Counsel 'takes a position adverse to his [or her] client,' depriving him or her of meaningful representation, 'when stating that the defendant's motion lacks merit'" (People v Fellows, 192 AD3d 701, 701-702, quoting People v Washington, 25 NY3d 1091, 1095).
Here, contrary to the defendant's contention, defense counsel's comments in response to the County Court's inquiry did not adversely affect his right to counsel. Defense counsel did not express an opinion as to the merits of the defendant's motion, but rather indicated that he was not aware of any impediment to moving forwarding with sentencing other than the defendant's motion (see People v Washington, 25 NY3d at 1095; People v Thaxton, 191 AD3d 1166; cf. People v Rozzell, 20 NY2d at 713; People v Jeffery, 169 AD3d 924; People v Hayes 140 AD3d 1186; People v Fully, 90 AD3d 1071, 1072). Accordingly, the defendant was not denied meaningful representation on his motion to withdraw his plea of guilty.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court