People v Spring (2023 NY Slip Op 06262)

People v Spring

2023 NY Slip Op 06262

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2018-11820
 (Ind. No. 10060/17)

[*1]The People of the State of New York, respondent,
v
Richard B. Spring, appellant. 

Thomas T. Keating, Dobbs Ferry, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered September 24, 2018, convicting him of criminal sexual act in the first degree and criminal sexual act in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On April 20, 2017, the defendant was arrested and charged with 4 counts of criminal sexual act in the third degree (Penal Law § 130.40[2]), a class E felony, among other crimes. On June 13, 2017, a superseding indictment charged the defendant with sexual crimes committed against two boys under the age of 17. The defendant was charged with 2 counts of criminal sexual act in the first degree (id. § 130.50[1]), a class B violent felony, 31 counts of criminal sexual act in the third degree (id. § 130.40[2]), a class E felony, 2 counts of endangering the welfare of a child (id. § 260.10[1]), a class A misdemeanor, and 3 counts of sexual abuse in the third degree (id. § 130.55), a class B misdemeanor. The superseding indictment described the defendant's sexual abuse of one victim, aged 15, from November 1, 2015, through May 7, 2016, and of another, aged 16, from September 1, 2016, to February 10, 2017. On March 23, 2018, the defendant, in exchange for a promised sentence by the County Court, pleaded guilty to one count of criminal sexual act in the first degree and one count of criminal sexual act in the third degree.
On August 2, 2018, the defendant moved pursuant to CPL 220.60(3) to withdraw his plea of guilty. By order dated September 20, 2018, the County Court denied the defendant's motion without a hearing.
"The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of [that] discretion" (People v Jamison, 197 AD3d 569, 570 [internal quotation marks omitted]; see CPL 220.60[3]; People v Torres, 192 AD3d 831, 832). "In general, 'such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea'" (People v Hollmond, 191 AD3d 120, 136, quoting People v De Jesus, 199 AD2d 529, 530). "When a defendant moves to withdraw a guilty plea, the [*2]nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Hollman, 197 AD3d 484, 484). When a motion to withdraw a guilty plea "is patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967).
Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Hollman, 197 AD3d at 484-485; People v Duart, 144 AD3d 1173, 1175). The defendant's assertions on his motion to withdraw his plea of guilty that sleep deprivation and withdrawal from prescribed medications rendered his plea involuntary and unintelligent were unsubstantiated and contradicted by the record of the plea proceeding (see People v Haffiz, 19 NY3d 883, 884; People v Turner, 195 AD3d 953, 954; People v Abreu, 184 AD3d 656, 656).
The defendant's additional contentions on appeal that his plea of guilty was not entered knowingly, voluntarily, and intelligently on the basis that the proposed sentence was ambiguous and inadequately described during his plea and, also, that he was pressured or coerced into accepting the plea are unpreserved for appellate review as they were not raised in the motion to withdraw his plea of guilty (see People v Krivoy, 135 AD3d 876, 877). In any event, the defendant's contentions are without merit (see People v Garcia, 92 NY2d 869, 870; People v Principato, 194 AD3d 851, 852).
The defendant failed to preserve for appellate review his contention that he was deprived of his right to due process when the County Court did not hold a hearing to determine whether he violated certain conditions of the plea agreement, as he did not request a hearing or move to withdraw his plea of guilty on that ground, he acknowledged that he had a right to a hearing, he agreed to waive that right, and he admitted to violating certain conditions of the plea agreement (see CPL 470.05[2]; People v Valencia, 3 NY3d 714, 716; People v McCants, 172 AD3d 904, 904).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805; People v Maxwell, 89 AD3d at 1108).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court