People v Harrison (2025 NY Slip Op 01105)

People v Harrison

2025 NY Slip Op 01105

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-08005
 (Ind. No. 70091/20)

[*1]The People of the State of New York, respondent,
v
Jerry Harrison, appellant.

Salvatore C. Adamo, New York, NY, for appellant, and appellant pro se.
Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Larry J. Schwartz, J.), rendered September 1, 2022, convicting him of robbery in the first degree (two counts), assault in the first degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant entered a plea of guilty to two counts of robbery in the first degree, two counts of assault in the first degree, and two counts of criminal possession of a weapon in the third degree. Prior to sentencing, the defendant moved, pro se, to withdraw his plea of guilty. The County Court denied the defendant's motion, without a hearing, and imposed sentence.
"A motion to withdraw a plea of guilty rests within the sound discretion of the court, and generally the court's determination will not be disturbed absent an improvident exercise of the court's discretion" (People v Roberts, 210 AD3d 1014, 1014 [internal quotation marks omitted]; see CPL 220.60[3]; People v Alexander, 97 NY2d 482, 485). "'In general, such a motion must be premised upon some evidence of possible innocence or of fraud, mistake, coercion or involuntariness in the taking of the plea'" (People v Spring, 222 AD3d 665, 666, quoting People v Hollmond, 191 AD3d 120, 136 [internal quotation marks omitted]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116, quoting People v Tinsley, 35 NY2d 926, 927; see People v Kazimer, 210 AD3d 1109, 1110).
Here, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. Reviewing the record as a whole and the circumstances surrounding the entry of the plea (see People v Sougou, 26 NY3d 1052, 1055), we conclude that the defendant's plea of guilty was knowingly, voluntarily, and intelligently made (see People v Kazimer, 210 AD3d at 1110; People v Hollman, 197 AD3d 484, 484-485). The defendant's assertions in support of his motion to withdraw his plea of guilty were unsubstantiated and contradicted by the record of the plea proceeding (see People v Haffiz, 19 NY3d 883, 884; People v Kazimer, 210 AD3d at 1110).
Further, contrary to the defendant's contention, he was not deprived of the right to [*2]conflict-free representation. "It is well settled that a defendant has a right to the effective assistance of counsel on his or her motion to withdraw a guilty plea" (People v Mitchell, 21 NY3d 964, 966; see People v Pointer, 218 AD3d 499, 500). Where defense counsel "take[s] a position on the motion that is adverse to the defendant," "a conflict of interest arises, and the court must assign a new attorney to represent the defendant on the motion" (People v Mitchell, 21 NY3d at 967 [citation omitted]; see People v Sarner, 167 AD3d 663). "Counsel 'takes a position adverse to his [or her] client,' depriving him or her of meaningful representation, 'when stating that the defendant's motion lacks merit'" (People v Fellows, 192 AD3d 701, 701-702, quoting People v Washington, 25 NY3d 1091, 1095). Here, while defense counsel advised the court that she was not adopting the defendant's pro se motion to withdraw his plea of guilty, defense counsel did not adversely express an opinion as to the merits of the defendant's motion, and therefore, the appointment of a new attorney to represent the defendant on that motion was not required (see People v Edwards, 223 AD3d 840, 841; People v Pointer, 218 AD3d at 500).
Furthermore, contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that the County Court should have granted his motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30 (see People v Gore, 224 AD3d 848, 849), and that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256; People v Esson, 225 AD3d 786, 787).
The parties' remaining contentions are without merit.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court